IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Richard Keith Poe, # 259297,**           ) | C/A No. 0:06-1055-CMC-BM |
| )    | |
| **Petitioner,**           ) | **OPINION AND ORDER** |
| )    | |
| v.           ) | |
| )    | |
| **Jon Ozmint, Director, S.C. Department of**   ) | |
| **Corrections; and Henry D. McMaster, Attorney** ) | |
| **Attorney General for South Carolina,**    ) | |
| )    | |
| **Respondents.**           ) | |
| )    | |

Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 3, 2006. He then filed a petition to amend on April 24, 2006, and motion to amend/correct on July 11, 2006. Respondents filed a return and motion for summary judgment on August 25, 2006. An order was filed by the court notifying Petitioner of the summary judgment procedures and the possible consequences if he failed to respond adequately. Petitioner filed a response on September 12, 2006.

In accordance with this court's order of reference and 28 U.S.C. § 636(b), this matter comes before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant.

The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a

district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

Based on his review of the record, the Magistrate Judge has recommended that the petition be dismissed without prejudice because Petitioner has failed to exhaust his state court remedies. The Magistrate Judge advised Petitioner of his right to file objections to the Report and Recommendation and the serious consequences if no objections were filed. Petitioner has filed no objections and the time for doing so has expired.

After reviewing the Petition, the motion, the response, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that the Petition is **DISMISSED** *without prejudice* for Petitioner's failure to exhaust state court remedies.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 13, 2006

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\~5010000.wpd